IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MEHLEK DAWVEED | : |
| | : |
| v. | : Civil Action No. DKC 12-0711 |
| | : |
| KEITH E. BELKIN | : |
| _____ | : |
| | : |
| OLAJUMOKE O. OGUNFIDITIMI, et al. | : |
| | : |
| v. | : Civil Action No. DKC 12-2935 |
| | : |
| DEPARTMENT OF TREASURY & INTERNAL REVENUE SERVICE, et al. | : |
| | : |

**MEMORANDUM OPINION**

Plaintiff Mehlek Dawveed, proceeding *pro se*, commenced the first of these actions on March 7, 2012, by filing a complaint against Keith E. Belkin, an employee of the Internal Revenue Service ("IRS").  (Civ. No. DKC 12-0711, ECF No. 1).[1] Two days later, he supplemented the complaint, filing a number of documents that he apparently intended to attach to the original. (ECF No. 2).  The complaint, which is virtually indecipherable, appears to relate to a federal tax lien assessed against Mr.

---

[1] Because the two cases (Civ. No. DKC 12-0711 and Civ. No. DKC 12-2935) share a common nucleus of fact and essentially involve the same parties, they will be consolidated for purposes of this opinion.

Dawveed and Olajumoke O. Ogunfiditimi on or about January 10, 2012, in the amount of $1,332,575.11.  (ECF No. 2, at 5).[2]  Mr. Dawveed alleges violation of various federal criminal provisions, as well as the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and seeks damages in the amount of $100 million, release from the lien, and a "[c]ertified [l]etter from the IRS/Department of Treasury stating that Mehlek Dawveed and Olajumoke O. Ogunfiditimi are [l]aw [a]biding [c]itizens in [g]ood [s]tanding."  (Civ. No. DKC 12-0711, ECF No. 1, at 3).

A second, related action was commenced by Mr. Dawveed and Ms. Ogunfiditimi on October 3, 2012 – this time against Mr. Belkin and the "Department of Treasury & Internal Revenue Service."  (Civ. No. DKC 12-2935, ECF No. 1).  This complaint recites, confusingly, that the defendants "have refused to adhere to the Civil Rules and Procedures related to the Acknowledgement of Appearance by Counsel of Record . . . in Civil Case No. 8:12-CV-0711 DKC . . . which requires that 'ALL' legal, administrative and/or enforcement actions . . . lodged against the Plaintiff[s], without the Consent and/or Approval of the Counsel of Record is a 'Frivolous Claim' punishable by

---

[2] The complaint reflects that Mr. Dawveed and Ms. Ogunfiditimi are "a couple." (Civ. No. DKC 12-0711, ECF No. 1, at ¶ 4).  They also apparently share a number of dependents. (Civ. No. DKC 12-2935, ECF No. 1-1 ¶ 5).

law[.]" (*Id*. at ¶ 2).  Plaintiffs seek $300 million in damages; an "injunction . . . barring any/all debt collections[,] liens, lev[ies], taxes, foreclosure, [or] notices . . . against Plaintiff[s] until [judgment]"; and "[l]egal protection for [Plaintiffs] from . . . additional harassment, abuse and/or delinquency."  (*Id*. at 3).

In both cases, the United States has filed a motion to dismiss, alleging lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  (Civ. No. DKC 12-0711, ECF No. 15; Civ. No. DKC 12-2935, ECF No. 3).[3]  Because Plaintiffs have not, and likely cannot, assert subject matter jurisdiction, nor can they state a claim for relief, these motions will be granted.[4]

---

[3] The United States is the real party in interest in both cases and will be substituted for Mr. Belkin and the Department of Treasury/IRS as the proper defendant.  *See E.J. Saad, P.C. v. Hinkle Metals & Supply Co., Inc.*, Civ. No. 12-00018-KD-N, 2012 WL 2130887, at *3 (S.D.Ala. May 22, 2012) (citing *Castleberry v. Alcohol, Tobacco and Firearms Div. of Treas. Dept.*, 530 F.2d 672, 673 (5th Cir. 1976) ("the U.S. Treasury Department . . . is not suable, since the Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued eo nomine"); *Reppert v. I.R.S.*, 418 Fed.Appx. 897, 898 n. 1 (11th Cir. Mar. 24, 2011) ("the IRS is not a suable entity")); *see also Winslow v. I.R.S.*, 2012 WL 28951, at *1 (D.Nev. Jan. 5, 2012) ("A suit against IRS employees in their official capacity is essentially a suit against the United States") (citing *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)).

[4] The court uses the plural "Plaintiffs" to refer to Mr. Dawveed and Ms. Ogunfiditimi.  One or both plaintiffs have filed a number of other motions that are presently pending.  In Civ.

As Judge Messitte explained in *Bullard v. United States*, 486 F.Supp.2d 512, 515 (D.Md. 2007):

> The United States is entitled to sovereign immunity unless it consents to be sued. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Not only is such consent lacking here, but an outright prohibition from suit obtains: The Anti-Injunction Act deprives the Court of jurisdiction to enjoin the ability of the IRS to assess and collect taxes. *See* 26 U.S.C. § 7421 ("Anti-Injunction Act"). Specifically, the Act provides that, aside from specifically enumerated exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." *Id*. § 7421(a). This language aims to "withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 5, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Insofar as Plaintiffs seek monetary damages, the United States Code does contain a waiver of sovereign immunity for misconduct by the IRS. Specifically, 26 U.S.C. § 7433(a) provides that "[i]f, in connection with any collection of

---

No. DKC 12-0711, Mr. Dawveed filed a motion to quash summons (ECF No. 7), a motion for summary judgment (ECF No. 13), and a motion to strike the government's motion to dismiss (ECF No. 17). Similarly, in Civ. No. DKC 12-2935, Plaintiffs filed a motion to strike the government's motion to dismiss (ECF No. 5) and two motions for summary judgment (ECF Nos. 6, 7). In light of the disposition of the government's motion to dismiss, these motions will be denied.

4

Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title . . . such taxpayer may bring a civil action for damages against the United States."  This same section, however, "also mandates that the plaintiff exhaust administrative remedies before filing a damages action."  *Bullard*, 486 F.Supp.2d at 517.

> "[A] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id*. § 7433(d)(1). The regulations provide that in order to meet the exhaustion requirement, the taxpayer must send an administrative claim to the district director which includes: (i) the name, address, phone numbers and taxpayer ID number for the claimant, (ii) the grounds for the claim, (iii) a description of the injuries sustained, (iv) the dollar amount of past and foreseeable future damage and (v) the taxpayer's signature. 26 C.F.R. § 301.7433-1(e).

*Id*. at 517-18.

Here, Mr. Dawveed has not alleged how, if at all, he has exhausted his administrative remedies.  "Failure of a plaintiff to exhaust administrative remedies pursuant to 26 U.S.C. § 7433(d)(1) has been treated as both a jurisdictional bar to a district court's subject matter jurisdiction, as well as a substantive element to a cause of action under 26 U.S.C. § 7433(a)."  *Cool v. United States*, No. 1:12-CV-00568, 2012 WL

4895180, at *2 (M.D.Pa. Oct. 15, 2012) (internal citations omitted).  In either event, the claims raised by Mr. Dawveed in the first case (Civ. No. DKC 12-0711) are subject to dismissal. *See Robertson v. Hurst*, Civ. No. WMN-11-1035, 2011 WL 4715561, at *2 (D.Md. Oct. 6, 2011) (dismissing under the Anti-Injunction Act and failure to demonstrate exhaustion of administrative remedies); *Rodriguez v. Aiello*, Civ. No. AW-97-79, 1997 WL 440747, at *1 n. 4 (D.Md. Apr. 8, 1997) (finding failure to exhaust deprived the court of "jurisdiction to review the underlying claims").  While the basis of the second case (Civ. No. DKC 12-2935) is not at all clear, it seems apparent that Plaintiffs intend to challenge some aspect of the government's litigation efforts in the first.  Insofar as the second case is derivative of the first, it, too, cannot proceed.

Even if Mr. Dawveed had exhausted his administrative remedies, the statutory authority he cites in his complaint and various motion papers do not support the waiver of sovereign immunity or provide an avenue of relief.  Mr. Dawveed's complaint references criminal statutes, which clearly cannot serve as the independent basis for a civil action, and the FDCPA, which provides, in relevant part, for a private action against a "debt collector."  *See* 15 U.S.C. § 1692k(a).  Pursuant to 15 U.S.C. § 1692a(6)(C), however, the term "debt collector" does not include "any officer or employee of the United States

6

or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." *See Al-Sharif v. United States*, 296 Fed.Appx. 740, 742 (11th Cir. 2008) (finding no right of action under the FDCPA against individual IRS agents). Thus, the FDCPA does not serve as a basis for a waiver of sovereign immunity. In moving to strike the government's motion to dismiss in the first case, Mr. Dawveed cites: (1) the Tucker Act, 28 U.S.C. § 1491, which provides that the United States Court of Federal Claims possesses "exclusive jurisdiction to render judgment upon any claim against the United States for money damages exceeding $10,000 that is 'founded upon either the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages or unliquidated damages in cases not sounding in tort," *Eastern Enters. v. Apfel*, 524 U.S. 498, 520 (1998) (quoting 28 U.S.C. § 1491(a)(1)); (2) 28 U.S.C. § 1346, which provides district courts with concurrent jurisdiction to consider a civil action against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority"; (3) 26 U.S.C. § 6331, which requires a ten-day notice and demand period prior to the government's collection by levy upon property; and (4) 11 U.S.C. § 106, which concerns, in

relevant part, the waiver of sovereign immunity for a governmental unit that has filed a proof of claim.  None of these provisions could have any application based on the facts presented here.

While Plaintiffs have not specifically sought leave to amend if the motions to dismiss were granted, in light of their *pro se* status, the court will consider whether such relief is proper.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts are to grant leave to amend a pleading "freely . . . when justice so requires."  Leave should be denied, however, where "the amendment would be so prejudicial to the opposing party, there has been bad faith on the party of the moving party, or the amendment would be futile."  *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  "An amendment is futile when the proposed amendment is clearly insufficient on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."  *El-Amin v. Blom*, Civ. No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012).

As noted, if Mr. Dawveed can show that he properly exhausted administrative remedies, he may be able to state a claim for damages against the government pursuant to 26 U.S.C. § 7433.  In order to state a sufficient claim for relief under §

7433, the taxpayer must allege that an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregard[ed] any provision of this title, or any regulation promulgated under this title." In addition to demonstrating proper exhaustion in accordance with 26 C.F.R. § 301.7433-1(e), the complaint must identify the allegedly offending official, cite the code provision or regulation allegedly violated, and set forth facts which, if proven, would establish that the official intentionally, recklessly, or negligently disregarded the cited provision or regulation. *See Stephens v. United States*, No. CV407-194, 2008 WL 3554125, at *3 (S.D.Ga. Aug. 4, 2008). The offending conduct, moreover, must have occurred within two years of the date the complaint was filed, *see* 26 U.S.C. § 7433(d)(3), and damages are limited to a maximum of one million dollars, *see* 26 U.S.C. § 7433(b).

Plaintiffs will be granted leave to amend the initial complaint in attempt to state a claim pursuant to 26 U.S.C. § 7433. There is no basis, however, for granting leave to amend in the second case. Thus, the dismissal as to that case will be with prejudice.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge